IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Supreme Raheem Ackbar, *a/k/a* Ronald Gary, | Civil Action No. 4:19-cv-2774-RMG-TER |
| Plaintiff, | |
| v. | **ORDER** |
| Christopher Monaco, *et al.* | |
| Defendants. | |

Before the Court is Plaintiff's Objection (Dkt. No. 10) to the Magistrate Judge's Order (Dkt. No. 7) requiring Plaintiff to comply with the Court's proper form order. For the reasons set forth below, the Court overrules Plaintiff's Objections.

**I.     Background**

Plaintiff Ackbar filed this action pursuant to 42 U.S.C. § 1983, alleging various constitutional violations while Plaintiff was incarcerated. (Dkt. No. 1.) On October 9, 2019, the Magistrate Judge issued a proper form order, directing the Plaintiff to file an amended complaint within twenty-one days to cure various pleading deficiencies in his Complaint. (Dkt. No. 7.) The Plaintiff failed to file an amended complaint, and instead Plaintiff appealed the Magistrate Judge's proper form order to this Court, arguing the Magistrate Judge's order introduced "scandalous matter" and was "submerged" with "malice, sadism, deliberate indifference and corruption." (Dkt. No. 10.) Plaintiff further claimed the proper form order "frustrated access to the court[.]" (*Id.*) The Court addresses these matters and affirms the holdings of the Magistrate Judge.

**II.    Legal Standard**

Review of a magistrate judge's decision on non-dispositive matters, such as discovery, is deferential, and a magistrate judge's order on such issues will be set aside only if it is "clearly

1

erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); *Owens v. Stirling*, No. 015MC00254TLWPJG, 2016 WL 3397586, at *2 (D.S.C. June 21, 2016) (applying the clearly erroneous or contrary to law standard to objections to a magistrate judge's discovery order). A decision "is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).[1]

### III. Discussion

The Court finds that the Magistrate Judge has ably addressed these issues. The Court, as required by *Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619 (4th Cir. 2015) and Fourth Circuit cases applying *Goode*, provided Plaintiff with an opportunity to amend his complaint to cure pleading deficiencies. Given the pleading deficiencies laid out in the Magistrate Judge's proper form order (Dkt. No. 7), the Court agrees that it is proper for Plaintiff to be given time to amend his complaint to cure any deficiencies. Plaintiff, however, has failed to comply with the court orders and his Complaint remains deficient in the manner detailed by the Magistrate Judge. Therefore, the Court denies Plaintiff's appeal and objections, and requires Plaintiff to file an amended complaint no later than twenty-one (21) days after the issuance of this Order. Should Plaintiff fail to comply with this Order, his Complaint will be subject to dismissal with prejudice for failure to comply with an Order of the Court pursuant to Rule 41.

---

[1] After reviewing the entire docket and record in this case, the Court holds that it would affirm the ruling of the Magistrate Judge even if applying a *de novo* standard of review.

2

## IV. Conclusion

For the foregoing reasons, the Court **OVERRULES** the Plaintiff's Objections (Dkt. No. 10)[2], **AFFIRMS** the Magistrate Judge's Order (Dkt. Nos. 7) and **ORDERS** that the Plaintiff file an amended complaint curing the deficiencies detailed by the magistrate judge in the proper form order (Dkt. No. 7) within **TWENTY-ONE (21) DAYS** of this Order.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 6, 2019
Charleston, South Carolina

---

[2] Plaintiff also styled his objections as a "contemporaneous…motion to strike and motion for judgment on the pleadings," however included no argument to support those motions in the filing at Docket No. 10. Therefore, the motions to strike and motion for judgment on the pleadings contained in Docket No. 10 are similarly denied.

3