IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Supreme Raheem Ackbar, #182864 *a/k/a Ronald Gary, #275886*, | ) ) ) | Civil Action No. 4:19-2774-RMG |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER AND OPINION** |
| Christopher Monaco, Agent Martin, Officer Boccabello, Rivera Lopez, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 23) recommending the Court dismiss Plaintiff's complaint (Dkt. No. 1) with prejudice and without issuance and service of process. For the reasons set forth below, the Court adopts the R & R as the Order of the Court.

**I. Background**

Plaintiff Supreme Raheem Ackbar is an incarcerated person proceeding *pro se* and *in forma pauperis*.[1] Plaintiff filed this action on September 30, 2019 under 42 U.S.C. § 1983 alleging that his civil rights were violated. (Dkt. No. 1). Plaintiff alleges that his Fourth, Fifth, Eighth, and

---

[1] Under the Prison Litigation Reform Act ("PLRA"), a court may not grant *in forma pauperis* status to a prisoner if he "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (the "three-strikes rule"). In *Ackbar v. Lewis*, No. 4:19-cv-2045, 2020 WL 1041697 (D.S.C. Mar. 4, 2020), in dismissing Plaintiff's complaint with prejudice, the Court noted that Plaintiff had, at that point in time, had *at least* three prior cases dismissed with prejudice for failure to state a claim. *Lewis* brought the count to four, and this Order brings it to five.

Fourteenth Amendment rights were violated. (*Id.* at 13). Plaintiff alleges that after Defendant Monaco supposedly observed Plaintiff walking out of another inmate's cell, Plaintiff was "illegally seized" in front of the showers at Perry Correctional Institution. Plaintiff claims that Monaco stated he could "get stripped search[ed] right here or in the holding cell." Plaintiff alleges Defendants displayed verbal hostility toward him, but the complaint makes clear nothing of substance further transpired between Plaintiff and Defendants. (*Id.* at 13-16). Plaintiff also makes various allegations against Defendants solely on behalf of other inmates.

On October 9, 2019, the Magistrate Judge issued a proper form order informing Plaintiff of his complaint's deficiencies and granting Plaintiff an opportunity to cure the deficiencies by filing an amended complaint. (Dkt. No. 7). The Magistrate Judge gave Plaintiff twenty-one days to file an amended complaint or risk dismissal. (*Id.*). Plaintiff did not file an amended complaint. Instead, on October 28, 2019, the Plaintiff filed a motion to strike and a motion for judgment on the pleadings. (Dkt. Nos. 10 & 11).

On November 6, 2019, this Court issued an order overruling Plaintiff's objection, affirming the Magistrate Judge's October 9, 2020 order, and directing Plaintiff to cure his complaint's deficiencies within twenty-one days or risk his complaint be "dismiss[ed] with prejudice for failure to comply with an Order of the Court pursuant to Rule 41." (Dkt. No. 14). Plaintiff never filed an amended complaint, but instead filed an objection to the November 6, 2019 order. (Dkt. No. 18).

On February 23, 2020, the Magistrate Judge filed an R & R recommending the Court dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. (Dkt. No. 23). In response, on February 28, 2020, Plaintiff filed timely objections to the Magistrate Judge's R & R. Plaintiff's objections, however, were non-specific and raised no substantive argument. (Dkt. No. 25).

## II. Legal Standard

### A. *Pro Se* Pleadings

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys and are accorded liberal construction to allow for the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim cognizable in federal district court, nor can the Court assume the existence of a genuine issue of material fact where non-exists. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### B. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects to. *Id.* Where a plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation marks omitted). In the absence of objections, the Court need not give an explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g., Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation."). Plaintiff filed objections and the R & R is reviewed *de novo*.

## III. Discussion

After a detailed review of the R & R and Plaintiff's objections, the Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's complaint should be dismissed. In his objections, Plaintiff neither articulates disagreement with specific portions of the R & R nor states a basis for his objections. *See White v. Stacher*, No. CV 6-05-1737-GRA-WMC, 2005 WL 8163328, at *3 (D.S.C. July 25, 2005), *adopted by*, No. CV 6-05-1737-GRA-WMC, 2005 WL 8163324 (D.S.C. Aug. 29, 2005) ("Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections."). To the extent Plaintiff's objections can be construed to object to the entirety of the Magistrate Judge's analysis of his claims, the Court finds the contention without merit.[2] As the Magistrate Judge correctly determined, none of Plaintiff's non-conclusory allegations rise to a constitutional magnitude. And to the extent Plaintiff's allegations rely on conclusory statements, which they do heavily, the Court is not bound to accept the truth of such statements. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, to the extent Plaintiff's complaint attempts to assert claims on behalf of *other* inmates, Plaintiff has no right to do so. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[T]he competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others."); *see also Hummer v. Dalton*, 657 F.2d 621, 625–26 (4th Cir. 1981) (holding that a prisoner's suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errand for all prisoners").

---

[2] Plaintiff objects that the R & R "violates plaintiff's right to access the court" and that "none of the R & R is verified." (Dkt. No. 25). Plaintiff then string cites various cases and a treatise on slander and libel.

The Court also finds the Magistrate Judge correctly determined Plaintiff's complaint is subject to dismissal with prejudice. The Fourth Circuit Court of Appeals has found where the district court already afforded an opportunity to amend, the district court has the discretion to afford another opportunity to amend or can "dismiss the complaint with prejudice, thereby rendering the dismissal order a final, appealable order." *Workman v. Morrison Healthcare*, 724 Fed. Appx. 280 (4th Cir. June 4, 2018) (Table); *Knox v. Plowden*, 724 Fed. Appx. 263 (4th Cir. May 31, 2018) (Table) (on remand, district judge dismissed the action with prejudice); *Mitchell v. Unknown*, 2018 WL 3387457 (4th Cir. July 11, 2018) (unpublished). As Plaintiff failed to amend the pleading after repeated notices and court orders and after being warned his complaint was subject to dismissal with prejudice, (Dkt. Nos. 7 & 14), the complaint is subject to dismissal with prejudice.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 23) as the Order of the Court. Plaintiff's complaint is **DIMISSED WITH PREJUDICE.**

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 11, 2020
Charleston, South Carolina